**MICHAEL W. COTTER**
United States Attorney
**VICTORIA L. FRANCIS**
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6058
E-mail: Victoria.Francis@usdoj.gov


**ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA**


## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                    **Plaintiff,**<br><br>        vs.<br><br>**GEORGE KORNEC, PHILIP NAPPO, INTERMOUNTAIN MINING AND REFINING, LLC,**<br><br>                    **Defendants.** | **CV 15-   H-**<br><br><br>**UNITED STATES' COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

This is a civil suit for declaratory and injunctive relief against George Kornec, Philip Nappo, and Intermountain Mining and Refining, LLC, resulting from their unauthorized and illegal actions on the National Forest. The United States asks this Court to find Defendants have failed to comply with the applicable regulations governing their unpatented mining claims located on the Helena National Forest and to find that Defendants are unlawfully and illegally interfering with property of the United States, managed by the United States Forest Service, and to permanently enjoin Defendants from such activity in the future, until and unless a plan of operation authorizing mining activities has been approved by the United States Forest Service; and if no such plan is approved, to remove buildings constructed without approval, and reclaim roads constructed without approval, and to cease and desist with interference of access by the public across the unpatented mining claims, which is National Forest System Land managed for the public pursuant to the National Forest Management Act and National Forest Mining Regulations at 36 C.F.R. § 228 Subpart A.

## THE PARTIES

1. Plaintiff is the United States of America, on behalf of the United States Department of Agriculture, Forest Service (hereafter USFS).

2. Defendants George Kornec and Philip Nappo reside in the District of Montana, and own an interest in certain unpatented mining claims located on the Helena National Forest in the Lincoln Ranger District.

3. Defendant Intermountain Mining and Refining, LLC, is a Montana limited liability corporation managed by its members and in good standing in Montana, with a principal office address in Great Falls, Montana.  A Business Entity search of the Montana Secretary of State's website, reflects that George Kornec and Philip Nappo are the managers or members of Intermountain Mining and Refining, LLC.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action for the reason that the United States is the party plaintiff under 28 U.S.C. § 1345.

5. Venue is proper under 28 U.S.C. § 1391(b) in the District of Montana because Defendants reside in the State of Montana and the acts and omissions involve property located in the State of Montana.

6. A justiciable controversy exists between Plaintiff and Defendants and the relief requested by Plaintiff is proper pursuant to 28 U.S.C. §§ 2201-2202, and Rule 65 of the Federal Rules of Civil Procedure.

ILLEGAL INTERFERENCE WITH PUBLIC LANDS

7.  Some or all Defendants own an interest in certain unpatented mining claims known as the White Hope, Sammy K, and Silver Dollar mining claims (hereafter White Hope claims), located on the Helena National Forest near Lincoln Montana (T15N, R6W, Sections 27 and 34, MPM).  As the owner of unpatented mining claims, Defendants have a right to explore for and develop locatable minerals pursuant to the statutes and regulations governing the exercise of such rights enacted by the United States.

8.  Operations authorized by the United States mining laws, 30 U.S.C. §§ 21- 54, confer a statutory right to enter upon the open public lands to search for and develop minerals on unpatented mining claims, however such mining claims may not be used for any purposes other than prospecting, mining, or processing operations and uses reasonably incident thereto. 30 U.S.C. § 612.  Rights under the mining laws are further subject to regulations which require such operations to minimize adverse environmental impacts on National Forest System surface resources.  36 C.F.R. § 228.1.  Forest Service regulations establish rules and procedures through which use of the surface of National Forest System lands may be used in connection with operations authorized by the United States mining

laws. These regulations require that any operation likely to cause significant disturbance of surface resources cannot be conducted until the operator submits, and the Forest Service approves, a Plan of Operations authorizing such activity.   36 C.F.R. § 228.4.   The construction of structures or roads on a claim constitutes significant surface disturbance which requires an approved plan of operations.

9.   Defendants have no exclusive surface rights to the White Hope Mine claims, and no right to exclude the public from traversing such claims to access adjacent National Forest lands.   30 U.S.C. § 612.   In 1986 the Department of the Interior, Bureau of Land Management, declared Defendants claims void and abandoned.   Attached hereto as Exhibit A is the decision declaring Defendants claims abandoned and void. Defendants did not appeal or challenge BLM's decision and it is therefore final. Defendants subsequently filed for new claims in 1986, which are explicitly subject to the Multiple Use Mining Act of 1955.   30 U.S.C. §§ 611-615.

10.   Defendants must have an approved Plan of Operations for activities that include building structures, building roads, reopening adits, surface occupancy and cutting of timber related to unpatented claims.   The last Forest Service approved Plan of Operations expired in the fall of 2014.

11. On or about August 19, 2014, a notice that defendants were in non-compliance with Forest Service mining regulations was issued by the Forest Service for conducting unauthorized activities located on the Lincoln Ranger District of the Helena National Forest, specifically: construction of a garage building on the White Hope mining claim without authorization under an approved plan of operations; cutting down trees on the White Hope and Silver Dollar mining claims without authorization under an approved plan of operations; and opening a road and a collapsed adit on the Silver Dollar mining claim without authorization under an approved plan of operations, all resulting in substantial surface resource disturbance.   Attached hereto as Exhibit B is a true and correct copy of the August 19, 2014, Notice of Noncompliance.

12. The Notice of Noncompliance directed Defendants to remove the unauthorized garage building within 30 days, pay for the volume of timber related to the unauthorized cutting of trees, and to provide a written plan to reclaim the unauthorized road and site disturbance damage within 30 days. The Notice of Noncompliance offered Forest Service staff assistance in developing a reclamation plan.   The Notice of Noncompliance further provided that Defendants were not authorized to conduct any mining or

mining-related activities on the White Hope mining claims until the noncompliance items were resolved.   The Notice of Noncompliance also provided that the Notice was appealable and that an appeal must be in writing to the Appeal Deciding Officer, William Avey, Forest Supervisor, Helena National Forest.   After an in-person hearing the Helena National Forest Supervisor William Avey, issued his final decision on the appeal on December 3, 2014.   The final decision is attached hereto as Exhibit C.

13.   The Forest Service sought to work with Defendants to correct the noncompliance items.   Regarding unauthorized timber cutting, the timber was to be cut up as firewood and Defendants were to purchase a firewood permit at the Lincoln Ranger District for $20.00.   Forest Service staff also worked with Defendants to negotiate the installation of water bars, straw wattles and implementation of other Best Management Practices at certain areas of the road and operating pad in order to mitigate erosion issues.   The unauthorized construction of a building was not resolved and the Forest Service ordered removal of the 20' x 20' building by June 30, 2015.

14.   Defendants submitted a revised Plan of Operations to the Forest Service on February 9, 2015.

15. A meeting was held on June 18, 2015 at the White Hope Mine site with Forest Service personnel and Defendants Nappo and Kornec. The meeting was to discuss the Defendants' most recently submitted Plan of Operations which was very large in scope and contemplated a 10 year period of operation. The level of activity would likely require at least preparation of an Environmental Assessment through the National Environmental Policy Act. A discussion was held regarding reducing the scope and duration of the plan to potentially streamline the review process. Of additional concern was the discovery at the meeting that explosives were being stored on-site for an individual who was not part of the White Hope operation, which explosive storage was not pursuant to any approved Plan of Operations and not related to any mining operations on the claims.

16. A meeting was held at the Lincoln District Ranger Station on July 30, 2015 between Forest Service personnel and Defendants. The meeting topic related to how best to move forward with modification and review of the currently proposed Plan of Operations. The Defendants agreed to submit a new Plan of Operations that would be reduced in scope, focus and duration. Defendants were also specifically told that if they addressed the storage building in the to-be-revised Plan of Operations and explained the need for

the structure as related to the operation, the Forest Service would review the modified plan and take a fresh look at the requirement to remove the structure.   Defendants also agreed to remove the explosives currently being stored onsite within two weeks of the meeting.   Both Forest Service personnel and Defendants agreed to improve communication efforts.

    17.   In the week following the July 30, 2015 meeting, apparently at Defendants request, over 20 individuals, most carrying varying makes of firearms, appeared at the location of the White Horse Mine, representing themselves as a part of a group denominated as the "Oath Keepers" and other related groups (hereafter Oath Keepers).   Based on representations made by this group to media outlets, they are present to make sure that Defendants receive their "day in court."   Also on August 3, 2015, Defendant Intermountain Mining, in a letter signed by Defendants Kornec and Nappo, sent a letter to the Forest Service.   The letter was denominated as a "Notice of No Trespass".   It was addressed "To whom it may concern".   The Notice states that Intermountain Mining serves "Notice of No Trespass to the United States Forest Service, it's employees, contractors and agents."   The letter recites that the White Hope Mine is marked with a no trespassing sign and "[a]nyone entering onto the White Hope Mine, without previous coordination,

will be charged" and arrested citing to Montana Code sections.   The letter makes additional demands.   A true and correct copy of this letter is attached as Exhibit D.   The letter from Defendants is in direct contradiction to the applicable regulations which specifically authorize inspection for noncompliance.   36 C.F.R. § 228.7.   It is also contrary to applicable law which retains the right of the United States to manage surface resources and the right to permit the public to traverse such claims for access to adjacent land.   30 U.S.C. § 612.

    18.   As of the date of the filing of this complaint, to the knowledge of the Forest Service, the unauthorized explosives still remain on the White Hope mine claims, and the unauthorized building constructed still remains on the White Hope mine claim.   Defendants have not submitted a revised Plan of Operations and therefore have not received approval of any plan of operations.   All such actions violate the regulations set forth at 36 C.F.R. Subpart A, §  228.1 et seq.

    19.   In addition to the violations set forth above, commencing in 2012, the Lincoln Ranger District began receiving complaints from members of the public that Defendants Kornec and Nappo threatened individuals trying to cross the White Hope Mine area unpatented mining claims in order to access

adjoining National Forest System lands for recreational purposes.  These members of the public were inaccurately and falsely told by Defendants that the area beyond an unlocked Forest Service gate was considered private property.  The gate is a Forest Service gate and the Forest Service road in question, based on the Helena National Forest Travel Plan, is open to the public for non-motorized use, and in addition the surface resources of the White Horse claims remain public land and Defendants have no authority to exclude the public from the land.  Although members of the public may not interfere with mining operations encompassed within an approved Plan of Operations, members of the public may have access to the land and to the Forest Service road, as such are open to the public.

20.  Upon inspection by the Forest Service after receiving these reports, Defendants were found to have installed unauthorized signs at the gate.  Defendants were told they did not have authority to prevent the public from passing through their unpatented claims.  A later inspection of the property on April 7, 2014 revealed that the gate was found to have been locked shut by Defendants and an unauthorized 20' x 20' building that was not mentioned or authorized in their 2012 Plan of Operations had been built. In 2015, members of the public and recreationists were still being turned

away by Defendants at the Forest Service gate.  Currently the gate is closed with no trespassing signs posted and the public and Forest Service are being refused entry by armed persons.

21.   In the area near Defendants' unpatented claims, the State of Montana is conducting a mine reclamation project to remove toxic waste from the old Mike Horse mine tailings ponds.  The reclamation project is managed by the Montana Department of Environmental Quality which has contracted with Helena Sand and Gravel to perform reclamation work. Forest Service roads 1815, 4083, and 4087 are utilized by the contractor to remove the toxic waste from the mine, in large trucks.  The Forest Supervisor on April 30, 2015, issued an Emergency Road Closure Order due to public safety concerns regarding the large trucks, the toxic waste, and limited site lines on these roads making public usage a potential for a serious accident.  Defendants were given permission to utilize the closed road for their personal access to the White Horse Mine.  However, members of the "Oath Keepers" have not followed the road closure orders resulting in complaints from the contractor and Montana DEQ arising from safety concerns.

22.    The unauthorized and illegal actions of Defendants have interfered with and damaged National Forest Service land.   Because the non-compliance has not been resolved, and because members of the public are still being threatened or blocked from access, it is necessary for the United States to bring this action. In addition, the Notice of No Trespass issued to Forest Service personnel as set forth in Exhibit D is a direct interference with the Forest Service legal right and obligation to manage public land.   On information and belief, the Defendants and "Oath Keepers" are acting in concert or joint participation, in interfering with public and Forest Service access on public lands, including the White Hope unpatented mining claims.

REQUEST FOR RELIEF

Wherefore, Plaintiff requests that this Court:

1.    Enter judgment declaring that Defendants' actions, as set forth above are illegal and a violation of the regulations governing the surface land of the unpatented mining claims;

2.    Grant injunctive relief requiring Defendants to correct the violations set forth in the Notice of Noncompliance by a date certain, including the removal of the unauthorized structure (unless Defendants submit a revised

Plan of Operations approved by the Forest Service), and removal of unauthorized explosives stored on the site;

 3. Restraining Defendants and all persons acting in concert or participation with Defendants from interfering with public, or Forest Service access, to the White Hope mining claims including the removal of any signage, locks or making threats to members of the public or Forest Service including threats of criminal trespass to Forest Service employees, agents and contractors;

 4. Grant the United States damages in the amount of the costs for restoring or rehabilitating the White Hope Mining claims surface property, if Defendants do not cure the Notice of Noncompliance by a date certain set by the Court;

 5. For such other and further relief as the Court deems appropriate, including consideration of court ordered mediation.

 DATED this 11th day of August, 2015.

       MICHAEL W. COTTER
       United States Attorney


       /s/ VICTORIA L. FRANCIS
       Assistant U.S. Attorney
       Attorney for Plaintiff