Intermountain Mining & Refining, LLC
Post Office Box 591
Lincoln, MT 59639

03 August 2015

Helena National Forest
Supervisor Office
2880 Skyway Drive
Helena, MT 59602
(406) 449-5201

Lincoln Ranger District
1569 Hwy 200
Lincoln, MT 59639
(406) 362-7000

Re; NOTICE of NO TRESPASS

To whom it may concern;

Intermountain Mining, owners of the White Hope mine serve Notice of No Trespass to the United States Forest Service (USFS), it's employees, contractors and agents.

The White Hope Mine is marked per Montana Code - Section 45-6-201(2)(a) denoting No Trespass on the property. Anyone entering onto the White Hope Mine, without previous coordination, will be charged under Montana Code - Section 45-6-203. The individual(s) will be arrested per Montana Code - Section 46-6-502.

If USFS, it's employees, contractors or agents, wish to enter onto the White Hope Mining Claim they must coordinate, in writing, with the claim owners a minimum of ten (10) business days prior. Their request must specifically identify the purpose of the visit, the exact date and time of requested visit, number of individuals visiting, name of individuals, job titles and proposed length of visit.

At no time will weapons be allowed onto the White Hope Mining Claim.

George Kornec          *[signature: George Kornec]*          Phil Nappo          *[signature: Phil Nappo]*
Owner                                                        Owner
White Hope Mine                                              White Hope Mine

EXHIBIT
D

Intermountain Mining & Refining, LLC
Post Office Box 591
Lincoln, MT 59639

### Montana Code

**45-6-201. Definition of enter or remain unlawfully.**
(1) A person enters or remains unlawfully in or upon any vehicle, occupied structure, or premises when the person is not licensed, invited, or otherwise privileged to do so. Privilege to enter or remain upon land is extended either by the explicit permission of the landowner or other authorized person or by the failure of the landowner or other authorized person to post notice denying entry onto private land. The privilege may be revoked at any time by personal communication of notice by the landowner or other authorized person to the entering person.
(2) To provide for effective posting of private land through which the public has no right-of-way, the notice provided for in subsection (1) must satisfy the following requirements:
(a) notice must be placed on a post, structure, or natural object by marking it with written notice or with not less than 50 square inches of fluorescent orange paint, except that when metal fenceposts are used, the entire post must be painted; and
(b) the notice described in subsection (2)(a) must be placed at each outer gate and normal point of access to the property, including both sides of a water body crossing the property wherever the water body intersects an outer boundary line.
(3) To provide for effective posting of private land through which or along which the public has an unfenced right-of-way by means of a public road, a landowner shall:
(a) place a conspicuous sign no closer than 30 feet of the centerline of the roadway where it enters the private land, stating words substantially similar to "PRIVATE PROPERTY, NO TRESPASSING OFF ROAD NEXT ___ MILES"; or
(b) place notice, as described in subsection (2)(a), no closer than 30 feet of the centerline of the roadway at regular intervals of not less than one-fourth mile along the roadway where it borders unfenced private land, except that orange markings may not be placed on posts where the public roadway enters the private land.
(4) If property has been posted in substantial compliance with subsection (2) or (3), it is considered closed to public access unless explicit permission to enter is given by the landowner or the landowner's authorized agent.
(5) The department of fish, wildlife, and parks shall attempt to educate and inform all persons holding hunting, fishing, or trapping licenses or permits by including on any publication concerning the licenses or permits, in condensed form, the provisions of this section concerning entry on private land. The department shall use public media, as well as its own publications, in attempting to educate and inform other recreational users of the provisions of this section. In the interests of providing the public with clear information regarding the public nature of certain unfenced rural rights-of-way, the department may develop and distribute posting signs that satisfy the requirements of subsection (3).
(6) For purposes of this section, "land" means land as defined in 70-15-102.
(7) Civil liability may not be imposed upon the owner or occupier of premises by reason of any privilege created by this section.
History: En. 94-6-201 by Sec. 1, Ch. 513, L. 1973; amd. Sec. 21, Ch. 359, L. 1977; R.C.M. 1947, 94-6-201; amd. Sec. 1, Ch. 599, L. 1985; amd. Sec. 1, Ch. 268, L. 1991; amd. Sec. 1663, Ch. 56, L. 2009.

**45-6-203. Criminal trespass to property.**
(1) Except as provided in 15-7-139, 70-16-111, and 76-13-116, a person commits the offense of criminal trespass to property if the person knowingly:
  (a) enters or remains unlawfully in an occupied structure; or
  (b) enters or remains unlawfully in or upon the premises of another.
(2) A person convicted of the offense of criminal trespass to property shall be fined not to exceed $500 or be imprisoned in the county jail for any term not to exceed 6 months, or both.
(3) A person convicted of or who forfeits bond or bail for committing an act of criminal trespass involving property owned or administered by the department of fish, wildlife, and parks or while hunting, fishing, or trapping may be subject to revocation of the person's privilege to hunt, fish, or trap in this state for up to 24 months from the date of conviction or forfeiture.
History: En. 94-6-203 by Sec. 1, Ch. 513, L. 1973; R.C.M. 1947, 94-6-203; amd. Sec. 1, Ch. 604, L. 1993; amd. Sec. 4, Ch. 5, L. 2003; amd. Sec. 2, Ch. 336, L. 2007; amd. Sec. 3, Ch. 121, L. 2009; amd. Sec. 83, Ch. 258, L. 2011.

**46-6-502. Arrest by private person.**
(1) A private person may arrest another when there is probable cause to believe that the person is committing or has committed an offense and the existing circumstances require the person's immediate arrest. The private person may use reasonable force to detain the arrested person.
(2) A private person making an arrest shall immediately notify the nearest available law enforcement agency or peace officer and give custody of the person arrested to the officer or agency.
History: En. 95-611 by Sec. 1, Ch. 196, L. 1967; amd. Sec. 3, Ch. 274, L. 1974; R.C.M. 1947, 95-611(part); amd. Sec. 40, Ch. 800, L. 1991; amd. Sec. 8, Ch. 332, L. 2009.