JOSHUA I. CAMPBELL
Jardine, Stephenson, Blewett & Weaver, P.C.
300 Central Avenue, Suite 700
P.O. Box 2269
Great Falls, MT  59403-2269
(406) 727-5000
(406) 761-4273 (Fax)
jcampbell@jardinelaw.com
*Attorneys for Defendants George Kornec, Philip Nappo, and*
*Intermountain Mining and Refining, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**HELENA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE KORNEC, PHILIP NAPPO, INTERMOUNTAIN MINING AND REFINING, LLC,<br><br>Defendants. | Cause No. CV-15-78-H-CCL<br><br>**ANSWER TO COMPLAINT AND JURY DEMAND** |

Come Now Defendants George Kornec, Philip Nappo ("Nappo"), and Intermountain Mining and Refining, LLC ("Intermountain Mining")(collectively "Defendants") and admit, deny, and allege as follows:

**First Defense**

The Complaint fails to state a claim for relief against these Defendants upon which relief can be granted.

**Second Defense**

1. Answering paragraphs 1 and 2, Defendants admit these allegations.

2. Answering paragraph 3, Defendants admit that Intermountain Mining is a Montana limited liability company, but deny it is a corporation. Defendants admit the remaining allegations in this paragraph.

3. Answering paragraphs 4 through 6, the allegations contained therein state legal conclusions to which no response is required. To the extent that a response is required, Defendants deny them accordingly.

4. Answering paragraph 7, Defendants admit that they own or have an interest in unpatented mining claims known as the White Hope, Sammy K, and Silver Dollar mining claims (collectively "White Hope"), located in the Helena National Forest near Lincoln, Montana. Defendants admit they believe they have a right to explore and develop minerals pursuant to the correctly applicable laws and regulations of the United States. The remaining allegations in paragraph 7 state legal conclusions to which no response is required. To the extent that a response is required, Defendants deny them accordingly.

5. Answering paragraphs 8 through 10, the allegations contained therein state legal conclusions to which no response is required. To the extent that a response is required, Defendants deny them accordingly.

6. Answering paragraph 11, Defendants admit that they received a notice dated August 19, 2014, from the United States Department of Agriculture Forest Service ("Forest Service"). The notice speaks for itself. Defendants deny they were in non-compliance.

7. Answering paragraph 12, the notice referenced therein speaks for itself. Defendants deny they were in non-compliance. Defendants admit they participated in an in-person meeting with William Avey and others. Defendants admit William Avey issued a letter dated December 3, 2014. Said letter speaks for itself.

8. Answering paragraph 13, Defendants deny the Forest Service sought to work with or worked with Defendants but rather gave Defendants orders. Paragraph 13 also contains allegations that are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny them accordingly.

9. Answering paragraph 14, Defendants admit they filled out and submitted a document to the Forest Service on a preprinted Forest Service form

titled Plan of Operations for Mining Activities on National Forest System Lands on or about February 9, 2015 ("Plan of Operation").

10. Answering paragraph 15, Defendants admit that a meeting was held on June 18, 2015, at the White Hope mine site with Forest Service personnel and Defendants. Defendants admit they discussed the Plan of Operation with the Forest Service. Defendants deny the remaining factual allegations. Paragraph 15 also contains allegations that are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny them accordingly.

11. Answering paragraph 16, Defendants admit that a meeting was held on July 30, 2015, at the Lincoln District Ranger Station with Forest Service personnel and Defendants. Defendants admit they discussed the Plan of Operation with the Forest Service. Defendants admit they agreed to fill out and submit a new preprinted Forest Service form titled Plan of Operations for Mining Activities on National Forest System Lands. Defendants admit they agreed to remove explosives currently stored on or near the White Hope mine site. Defendants did not complete submission of this new document, at that time, as a result of Forest Service's subsequent and bad faith actions. Defendants did not remove explosives due to subsequent conversations with local law enforcement and the United States

Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), who advised and requested Defendants not to remove the explosives.

12. Answering paragraph 17, Defendants admit they sought assistance from others for protection after the Forest Service acted in bad faith in a bait and switch operation. Defendants deny they requested armed individuals to come to the White Hope mine site. Defendants are without information sufficient to form a belief as to the truth of the allegations regarding what the Oath Keepers or other related groups said or represented. Defendants admit they submitted a letter dated August 3, 2015, to the Forest Service. This letter speaks for itself. Paragraph 17 also contains allegations that are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny them accordingly.

13. Answering paragraph 18, the allegations contained therein state legal conclusions to which no response is required. To the extent that a response is required, Defendants deny them accordingly. Defendants deny the remaining factual allegations.

14. Answering paragraph 19, Defendants are without information sufficient to form a belief as to the truth of the allegations contained therein regarding complaints received by the Lincoln Ranger District from members of the

public. Paragraph 19 also contains allegations that are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny them accordingly. Defendants deny the remaining factual allegations.

15. Answering paragraph 20, Defendants admit that a double lock system gate exists at the mine site in question for which the Forest Service has a key. Defendants admit that several signs have been installed near the gate including several signs installed by the Forest Service. Defendants admit the gate is currently in its normal, closed, locked condition for which the Forest Service has a key. Defendants admit a no trespassing sign is currently posted. Paragraph 20 also contains allegations that are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny them accordingly. Defendants deny the remaining factual allegations.

16. Answering paragraph 21, Defendants admit they are aware the State of Montana is conducting a mine reclamation project near the old Mike Horse mine tailings pond. Defendants admit they are aware the Montana Department of Environmental Quality ("DEQ") is overseeing this reclamation project. The document titled Emergency Road Closure Order dated April 30, 2015, speaks for itself. Defendants admit that the Forest Service issued a document titled Permit for Use of Roads, Trails, or Areas Restricted by Regulation or Order dated June 18,

2015, to Nappo. This document speaks for itself. Paragraph 21 also contains allegations that are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny them accordingly. Defendants are also without knowledge sufficient to form a belief as to the truth of the allegations contained therein that relate to the DEQ's activities, any contractor hired by the DEQ, the specific roads referenced, and the Oath Keepers' activities, and, therefore, deny the same.

17.     Answering paragraph 22, the allegations contained therein state legal conclusions to which no response is required. To the extent that a response is required, Defendants deny them accordingly. Defendants deny the remaining factual allegations.

18.     Defendants deny each and every allegation contained in the Complaint not specifically admitted herein.

### Third Defense

Plaintiff's claims are barred by the doctrines of estoppels, waiver, and laches.

### Fourth Defense

Plaintiff's claims are barred by the doctrine of *in pari delicto*.

### Fifth Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

**Sixth Defense**

Plaintiff's claims are barred as Plaintiff is seeking to circumvent the authority, oversight, and duties of another government agency.  By way of example, the Forest Service does not have authority or oversight over explosives.

**Seventh Defense**

Plaintiff's claims are barred inasmuch as the Court lacks subject-matter jurisdiction.  By way of example, the Forest Service does not have authority or oversight over explosives.

**Eighth Defense**

Plaintiff's damages, if any, were caused in whole or in part by their own negligence or actions, and, therefore, any recovery by Plaintiff must be diminished as provided by law.

**Ninth Defense**

Plaintiff has failed to mitigate its damages.

**Tenth Defense**

Plaintiff has failed to join a party under Rule 19 of the Federal Rules of Civil Procedure.

## **Jury Demand**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Defendants hereby demand a trial by jury.

DATED September 1, 2015.

    JARDINE, STEPHENSON, BLEWETT & WEAVER, P.C.

    By: /s/ Joshua I. Campbell
    Attorneys for Defendants George Kornec, Philip Nappo, and Intermountain Mining and Refining, LLC

**CERTIFICATE OF SERVICE**

     I hereby certify that on September 1, 2015, a copy of the foregoing document was served on the following persons by the following means:

1, 2   CM/ECF
_____ Hand Delivery
_____ Mail
_____ Overnight Delivery Service
_____ Fax
_____ E-Mail

                                  /s/ Joshua I. Campbell

1.     Clerk, U.S. District Court

2.     Michael W. Cotter
       Victoria L. Francis
       U.S. Attorney's Office
       2601 Second Ave. North, Suite 3200
       Billings, MT  59101