IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        vs.<br><br>GEORGE KORNEC, PHILIP NAPPO,<br>INTERMOUNTAIN MINING AND<br>REFINING, LLC,<br><br>                    Defendants. | CV 15–78–H–CCL<br><br><br>ORDER |

On September 4, 2015, the Court held a preliminary pretrial conference in the above-captioned civil matter.  Plaintiff was represented by AUSA Victoria Francis.  Defendants were represented by Mr. Joshua Campbell.  The Court scheduled this hearing in the belief that an expedited proceeding resulting in a final hearing in 2015 would benefit the parties, but counsel for both sides agreed and informed the Court that a more deliberate schedule was warranted under the

1

circumstances of the case.  The Court thereupon granted Defendants' motion for

an October 1, 2015, deadline for amending Defendants' Answer.  Both parties

stipulated and agreed to filing preliminary pretrial statements following the filing

of an Amended Answer, as well as a joint proposed pretrial schedule, prior to

holding another preliminary pretrial conference.

Accordingly,

IT IS HEREBY ORDERED that a Preliminary Pretrial Conference is set

down on Thursday, November 12, 2015, at 10:00 a.m., in Courtroom II, United

States District Courthouse, Helena.

IT IS FURTHER ORDERED:

1.  Lead trial counsel shall confer at least twenty-one days before the

preliminary pretrial conference to consider the matters set forth in Fed. R. Civ. P.

26(f).  Counsel shall meet to discuss the nature and basis for their claims and

defenses and the possibilities for a prompt settlement or resolution of the case and

to develop a proposed Case Management Plan.  The Case Management Plan

resulting from the Rule 26(f) conference is not subject to revision absent

compelling reasons.  The parties shall submit the proposed Case Management Plan to the Court within 14 days after the Rule 26(f) conference.

2.  The contents of the Case Management Plan shall contain deadlines for the following pretrial motions and events or shall state that such deadlines are not necessary:

> Motions to Dismiss (fully briefed)
> Certification of Administrative Record
> Plaintiff's Designation of Expert Witnesses
> Defendant's Designation of Expert Witnesses
> Motions to Supplement the Administrative Record
> Motions to Amend the Pleadings
> Completion of Discovery
> Motions for Summary Judgment (fully briefed)
> Additional Deadlines agreed to by the Parties.

"Fully briefed" means that the motion, the brief in support thereof, and the opposing party's response brief are all filed with the Court by the deadline.

The Case Management Plan shall also contain a statement of any areas in which each party expects to retain expert witnesses.

3.  Each party shall serve initial disclosures conforming with Fed. R. Civ. P. 26(a)(1) no more than fourteen days after the Rule 26(f) conference.  The parties

3

are encouraged to serve initial disclosures at least seven days <u>before</u> the Rule 26(f) conference.  Initial disclosures shall not be filed.

    4.  Each party shall file a preliminary pretrial statement no later than seven calendar days before the preliminary pretrial conference.  These statements shall include:

    a.  issues concerning jurisdiction and venue;

    b.  the factual basis of each claim or defense advanced by the party;

    c.  the legal theory underlying each claim or defense, including, where necessary to a reasonable understanding of the claim or defense, citations to authority;

    d.  a computation of damages;

    e.  the pendency or disposition of any related state or federal litigation;

    f.  proposed stipulations of fact and law;

    g.  proposed deadlines relating to joinder of parties or amendment of the pleadings;

    h.  identification of controlling issues of law suitable for pretrial disposition;

I.  prospects for compromise of the case and the feasibility of settlement negotiations or alternative dispute resolution; and

j.  suitability of special procedures or placement on an expedited trial docket.

5.  Counsel are advised that failure to provide adequate information in the preliminary pretrial statement may be deemed an admission that this is a non-complex case.  Failure to comply with this order or with the local rules may also result in the imposition of sanctions.

Dated this 8th day of September, 2015.


CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE