**MICHAEL W. COTTER**
United States Attorney
**VICTORIA L. FRANCIS**
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6058
E-mail: Victoria.Francis@usdoj.gov


ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### HELENA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**GEORGE KORNEC, PHILIP NAPPO, INTERMOUNTAIN MINING AND REFINING, LLC,**<br><br>Defendants. | **Cause No. CV 15- 78-H-CCL**<br><br>**UNITED STATES' ANSWER TO DEFENDANTS' COUNTERCLAIM** |

The United States, on behalf of its agency the United States Department of Agriculture, Forest Service, hereby answers the Counterclaim for Declaratory Judgment and Permanent Injunctive Relief set forth in Dkt. 12, filed by Defendants Kornec, Nappo, and Intermountain Mining and Refining, LLC, as the Counterclaim-Plaintiffs, but referred to below as "Defendants", as follows:

    1.   In response to paragraph 1 of the Counterclaim, the United States asserts that the allegations set forth therein consist of Defendants statement of the case which requires no response.   To the extent a response is required, the United States denies that Defendants are entitled to the relief requested.

    2.   In response to paragraphs 2 and 3 of the Counterclaim, the United States denies the allegations.

    3.   In response to paragraph 4 of the Counterclaim, the United States admits the allegations.

    4.   In response to paragraph 5 of the Counterclaim, the United States admits that Defendants Kornec and Nappo reside in the District of Montana and that they own mining claims which are the subject of this litigation.   The United States denies the remaining allegations in this paragraph.

5. In response to paragraph 6 of the Counterclaim, the United States admits the allegations.

6. In response to paragraph 7 of the Counterclaim, the United States asserts that this paragraph consists of conclusions of law which require no response. The United States denies that the Defendants are entitled to the relief requested.

7. In response to paragraph 8 of the Counterclaim, the United States admits that venue is proper in the District of Montana in the above-captioned Division of the District Court.

8. In response to paragraph 9 of the Counterclaim, the United States admits that a justiciable controversy exists between the parties, but denies all remaining allegation set forth in this paragraph.

9. In response to paragraph 10 of the Counterclaim, the United States denies the allegations in the first sentence. The United States denies the allegations in sentences 2, 3, and 4 based on the fact that the United States lacks sufficient information as to the truth of the allegations. The remainder of paragraph 10 consists of conclusions of law which require no response. To the extent a response is required, the United States denies the allegations.

10. In response to paragraphs 11 and 12 of the Counterclaim, the United States denies the allegations as it lacks sufficient information as to the truth of the allegations.

11. In response to paragraph 13 of the Counterclaim, the United States denies the allegations in the first sentence as it lacks sufficient information as to the truth of the allegations. In response to the second sentence, the United States admits the allegations.

12. In response to paragraph 14 of the Counterclaim, the United States denies the allegation as it does not assert who "they" may be, but admits that the mining claims referenced are the mining claims at issue in the Complaint filed by the United States.

13. In response to paragraph 15 of the Counterclaim, the United State denies the allegations as it lacks sufficient knowledge as to the truth of the allegations.

14. In response to paragraph 16 of the Counterclaim, the United States admits that Defendants pay a yearly assessment fee to the BLM and that fees are current.

15. In response to paragraph 17 of the Counterclaim, the United States denies the allegations as it lacks sufficient information as to the truth of the allegations.

16. In response to paragraph 18 of the Counterclaim, the United States denies the allegations as it lacks sufficient information as to the truth of the allegations, except that Montana Secretary of State records reflect that Intermountain was established as a limited liability corporation in Montana in 2007.

17. In response to paragraph 19 of the Counterclaim, the United States admits that the Mike Horse Reclamation Project is on land adjacent to the national forest land on which Defendants' mining claims are located.   All remaining allegations in this paragraph are denied.

18. In response to paragraph 20 of the Counterclaim, the United States asserts that the paragraph purports to quote from some unidentified website of the Montana Department of Justice.   The United States denies the allegations regarding the website as it lacks sufficient information as to the website.   The United States does admit that the Mike Horse dam, which had failed previously, was in further danger of catastrophic failure.

19.  In response to paragraph 21 of the Counterclaim, the United States denies the allegations set forth in the first sentence.  In response to the second sentence, the United States admits the allegations except that it specifically avers that Defendants could have made the required filing before December 30, 1985.  In response to the third and fourth sentences the United States denies the allegations as it lacks sufficient  information as to the truth of the allegations.  The last two sentences, fifth and sixth, describe a document that speaks for itself and thus requires no response.

20.  In response to paragraph 22 of the Counterclaim, the United States denies the allegations as it lacks sufficient knowledge as to the truth of the allegations.

21.  In response to paragraph 23 of the Counterclaim, the United States asserts that the first sentence describes a BLM regulation which speaks for itself. The United States denies the allegations in the second sentence.  The United States admits the allegation in the third sentence that Defendants submission was late and denies the remaining allegations of this sentence and the fourth sentence.

22.  In response to paragraph 24 of the Counterclaim, the United States denies the allegations.

23. In response to paragraph 25 of the Counterclaim, the United States admits that the Defendants' submission was late, and denies the remaining allegations of this paragraph.

24. In response to paragraph 26 of the Counterclaim, the United States admits a notice of abandonment was prepared and served but denies the remaining allegations in the paragraph.

25. In response to paragraphs 27, 28, 29, 30, 31, and 32 of the Counterclaim, the United States denies the allegations.

26. In response to paragraph 33 of the Counterclaim, the United States admits that David Madden was a minerals administrator on the Helena National Forest who had regulatory responsibility for mineral operations on the Forest including White Hope mining operations.   All other allegations in this paragraph are denied.

27. In response to paragraph 34 of the Counterclaim, the United States denies the allegations.

28. In response to paragraph 35 of the Counterclaim, the United States denies that Madden was an employee in training or that his actions involved anything other than insuring compliance with Forest Service mining

regulations.   The United States denies all remaining allegations in this paragraph.

29.   In response to paragraphs 36, 37, and 38 of the Counterclaim, the United States denies the allegations.

30.   In response to paragraph 39 of the Counterclaim, the United States denies the allegations in the first sentence.   The United States admits the allegations in the second sentence.   The United States denies all remaining allegations in paragraph 39.

31.   In response to paragraph 40 of the Counterclaim, the United States admits that Beth Ihle was a Forest Service geologist who tried to get Defendants to comply with the applicable mining regulations.   All other allegations in this paragraph are denied.

32.   In response to paragraph 41 of the Counterclaim, the United States admits that Defendants followed some requirements to minimize the environmental impact of their operations and sometimes refused to do so. All remaining allegations in this paragraph are denied.

33.   In response to paragraph 42 of the Counterclaim, the United States admits that Mike Horse Mine reclamation is in process by the State of Montana, and that the repository site is approximately 8 miles from the tailing

site.   The remainder of this paragraph purports to describe a newspaper article which speaks for itself, and the United States denies the allegations in the news article as it lacks sufficient information as to the truth of the allegations.

34.   In response to paragraph 43 of the Counterclaim, the United States admits that a meeting was held on July 24, 2014 at which access was discussed, but otherwise denies the allegations in the first sentence. The United States admits that the roads used for the reclamation are not open to unrestricted access.   The United States denies that Defendants have been denied access.

35.   In response to paragraph 44 of the Counterclaim, the United States denies the allegations as it lacks sufficient information as to the truth of the allegations.

36.   In response to paragraph 45 of the Counterclaim, the United States admits the first sentence except avers the meeting took place on July 24, 2014.   The United States admits that authorization would be needed during active hauling operations, but otherwise denies the allegations set forth in the second sentence. The United States admits the allegations in

sentences three and four.   The United States denies all remaining allegations in this paragraph.

37.   In response to paragraph 46 of the Counterclaim, the United States denies the allegations in this paragraph, except that it admits that miners with valid claims have a right of reasonable access.

38.   In response to paragraph 47 of the Counterclaim, the United States admits that the Forest Service informed Kornec that variances to the road closure could only be granted for mining purposes.   The United States denies all remaining allegations in this paragraph.

39.   In response to paragraphs 48, 49 and 50 of the Counterclaim, the United States denies the allegations, and specifically avers that Defendants are not denied reasonable access for mining purposes.

40.   In response to paragraph 51 of the Counterclaim, the United States denies the allegations as it lacks sufficient knowledge as to the truth of the allegations.

41.   In response to paragraph 52 of the Counterclaim, the United States denies that Defendants ever requested installation of a structure to house explosives.   The United States admits that Defendants erected such a structure without authorization.   The United States denies that ATF has

authority to approve erection of structures on the National Forest.   ATF statutes and regulations provide that a license or permit issued by ATF does not confer on the recipient the right or privilege to conduct business or operations, including storage, contrary to State or other law including other federal law.   All other legal requirements must be followed, whether Federal, State or local.   18 U.S.C. § 848; 27 C.F.R. § 555.62.

42.   In response to paragraph 53 of the Counterclaim, the United States denies that the Forest Service objected to an authorized structure to house explosives related to authorized mining operations on the subject claims.   The United States admits that ATF has issued a permit finding the structure meets ATF safety standards. The United States denies that ATF's permit authorizes an unpermitted structure to be erected on the National Forest.

43.   In response to paragraph 54 of the Counterclaim, the United States admits that ATF was informed that Defendants did not possess an approved plan of operations authorizing their activity and residence on an unpatented mining claim.   All other allegations in this paragraph are denied.

44.   In response to paragraphs 55, 56 and 57 of the Counterclaim, the United States denies the allegations.

45.  In response to paragraph 58 of the Counterclaim, the United States admits the Forest Service was informed that the unauthorized powder magazine being used to store explosives for a third party and without an approved plan of operations.   All other allegations in this paragraph are denied.

46.  In response to paragraph 59 of the Counterclaim, the United States admits that due to miscommunication the Forest Service understood that the meeting was to be held on site.   All other allegations in this paragraph are denied.

47.  In response to paragraphs 60 and 61 of the Counterclaim, the United States denies the allegations.

48.  In response to paragraph 62 of the Counterclaim, the United States admits that the Defendants were issued a notice of non-compliance, in part, because of unauthorized cutting of trees.   All other allegations in this paragraph are denied.

49.  In response to paragraph 63 of the Counterclaim, the United States admits that the Forest Service met with Defendants to attempt to resolve issues and bring them into compliance with the regulations

applicable to mining on the National Forest but that Defendants have refused to do so. All other allegations in this paragraph are denied.

50. In response to paragraph 64 of the Counterclaim, the United States admits that BLM declared Defendants' original claims abandoned in 1986. Defendants have never appealed or challenged BLM's 1986 decision, but instead relocated the claims in 1986, and therefore Defendants' claims are subject to the 1955 Multiple Use Mining Act. The United States denies that this is the sole basis for Forest Service regulatory authority over mining activities on the National Forest. The United States denies all remaining allegations in this paragraph.

51. In response to paragraph 65 of the Counterclaim, the United States admits the allegations in the first sentence. The United States denies all remaining allegations in this paragraph.

52. In response to paragraph 66 of the Counterclaim, the United States incorporates its answers to paragraphs 1 through 65 above.

53. In response to paragraphs 67, 68, 69, 70 and 71 of the Counterclaim, the United State denies the allegations. Defendants do not have any right to engage in unauthorized and unregulated mining activity on the National Forest.

54. In response to paragraph 72 of the Counterclaim, the United States answers this paragraph by incorporating its responses to paragraphs 1 through 71 set forth above.

55. In response to paragraphs 73, 74, 75, and 76 of the Counterclaim, the United States denies the allegations. The United States denies that the mining laws allow unpermitted, unregulated, and unauthorized activity on the National Forest.

56. The United State denies all allegations not specifically admitted herein. The United States denies Defendants have a right to a trial by jury.

## FIRST AFFIRMATIVE DEFENSE TO COUNTERCLAIM

Defendants' challenge to the 1986 BLM decision declaring their mining claims located prior to 1986 abandoned and void is barred by the statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

Defendants' claims are barred because they have failed to exhaust administrative remedies.

## THIRD AFFIRMATIVE DEFENSE

Defendants have failed to state a claim upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

Defendants' claims are barred by waiver and estoppel.

**WHEREFORE**, the United States requests that the Counterclaims be denied and that judgment be entered in favor of the United States, and that the Court grant the United States the relief set forth below:

1. Enter judgment declaring that Defendants' actions, as set forth in the Complaint are illegal and a violation of the regulations governing the surface land of the unpatented mining claims;

2. Grant injunctive relief requiring Defendants to correct the violations set forth in the Notice of Noncompliance by a date certain, including the removal of the unauthorized structure (unless Defendants submit a revised Plan of Operations approved by the Forest Service), and removal of unauthorized explosives stored on the site;

3. Restraining Defendants and all persons acting in concert or participation with Defendants from interfering with public, or Forest Service access, to the White Hope mining claims including the removal of any signage, locks or making threats to members of the public or Forest Service including threats of criminal trespass to Forest Service employees, agents and contractors;

4.  Grant the United States damages in the amount of the costs for restoring or rehabilitating the White Hope Mining claims surface property, if Defendants do not cure the Notice of Noncompliance by a date certain set by the Court;

5.  For such other and further relief as the Court deems appropriate, including consideration of court-ordered mediation.

DATED this 13th day of October, 2015.

        MICHAEL W. COTTER
        United States Attorney

        /s/ VICTORIA L. FRANCIS
        Assistant U.S. Attorney
        Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of October, 2015, a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| __1-2__ | CM/ECF |
| _____ | Hand Delivery |
| _____ | U.S. Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1. Clerk of Court

2. Joshua Campbell
   Jardine, Stephenson, Blewett & Weaver, P.C.
   300 Central Ave., Suite 700
   P.O. Box 2269
   Great Falls, MT 59406-2269
   (406) 727-5000
   Fax: (406) 761-4273
   jcampbell@jardinelaw.com

                        **/s/ VICTORIA L. FRANCIS**
                        **Assistant U.S. Attorney**
                        **Attorney for Plaintiff**