JOSHUA I. CAMPBELL
Jardine, Stephenson, Blewett & Weaver, P.C.
300 Central Avenue, Suite 700
P.O. Box 2269
Great Falls, MT  59403-2269
(406) 727-5000
(406) 761-4273 (Fax)
jcampbell@jardinelaw.com

FRED KELLY GRANT (admitted *pro hac vice*)
Fred Kelly Grant Ltd.
249 Smith Avenue
Nampa, ID  83651
(208) 949-1061
(406) 761-4273 (Fax)
fkellygrant@gmail.com

*Attorneys for Defendants George Kornec, Philip Nappo, and Intermountain Mining and Refining, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| UNITED STATES OF AMERICA, | Cause No. CV-15-78-H-CCL |
|---|---|
| Plaintiff, | |
| v. | **PRELIMINARY PRETRIAL STATEMENT OF DEFENDANTS** |
| GEORGE KORNEC, PHILIP NAPPO, INTERMOUNTAIN MINING AND REFINING, LLC, | |
| Defendants. | |

Come Now Defendants and Counterclaim Plaintiffs George Kornec, Philip Nappo, and Intermountain Mining and Refining, LLC (collectively "Defendants") and pursuant to L.R. 16.2(b)(1) of the Rules of Procedures of the United States District Court for the District of Montana and this Court's order dated September 9, 2015, submit the following preliminary pretrial statement.

**I.      Brief factual outline of the case**.

This case involves a dispute between Plaintiff and Defendants regarding Defendants' unpatented mining claims located in the middle of the Helena National Forest near Lincoln, Montana.

Defendants carry on lawful activities working their mining claims as their vested private property interests.  In recent months and years, Defendants have received numerous threats from the United States Forest Service threatening: damage and destruction to Defendants' mining equipment and facilities related to said mining claims, destruction of facilities necessary to the lawful operation of Defendant's mining claims, to block access to said mining claims, and to bring actions to try to terminate Defendants' right to work their mining claims.

Defendants' mining claims relate back to lawful mining claims staked in 1924 in the Heddlestone Mining District.  Defendants contend that their mining claims

are subject to the Mining Laws of 1866, 1870, and 1872.  Plaintiff contends that the mining claims are subject to Multiple Use Mining Act of 1955.

The United States Forest Service has regularly harassed and threatened Defendants.  Specific instances of harassment include:  a Forest Service agent crushing the end of a culvert, the Forest Service demanding cleanup and micromanaging the mining operations, the Forest Service requesting demands for operation changes not called for in the Defendants' mining operation, the Forest Service threatening to get a crew together to cut up Defendants' equipment and tearing down Defendants' buildings, the Forest Service failing to follow up on Defendants' complaints about the Forest Service's agents' actions, the Forest Service restricting Defendants' access to their mining claims, the Forest Service's demands regarding the powder magazine stored at the mining claims, the Forest Service's interference with Defendants' ongoing relationship with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF or ATFE), the Forest Service's interference with Defendants' relationship with the Bureau of Land Management (BLM), the Forest Service's failure to check or acknowledge official records regarding Defendants' licenses with the ATFE, the Forest Service's use of a bait and switch operation to lure Defendants away from the mining claims while Forest Service agents visited the mining site without the presence or permission of

Defendants, and the Forest Service's complaints about Defendants cutting live trees when in actuality only dead trees were cut for firewood and mining operations.

## II. Issues concerning jurisdiction and venue.

Defendants concur that venue is proper. Defendants do not contest jurisdiction.[1]

## III. Factual basis of each claim or defense advanced by the party.

The factual basis for the defenses against Plaintiff's claims are set forth in Section I above and in paragraphs 1-18 of Defendants' First Amended Answer. The factual basis for Defendants' claims against Plaintiff are set forth in Section I above and in paragraphs 1-76 of Defendants' Counterclaim.

## IV. Legal theory underlying each claim or defense.

A. Plaintiff's complaint fails to state a claim for relief upon which relief can be granted. By way of example, Plaintiff (acting on behalf of the United States Department of Agriculture, Forest Service) lacks standing to bring the claims against Defendants relating to issues regarding explosives.

---

[1] In Defendants' Seventh Affirmative Defense, Defendants originally asserted that the Court lacks subject-matter jurisdiction. Upon further investigation and research, this affirmative defense should be that Plaintiff lacks standing rather than the Court lacks subject-matter jurisdiction. This will be changed in a subsequent amendment of the pleadings and is discussed further in section IV of this preliminary pretrial statement.

4

B. Plaintiff's claims should be barred by the doctrines of estoppel, waiver, and laches.  Defendants have been utilizing the mining claims for many years without legal action brought by the Forest Service.

C. Plaintiff's claims are barred by the doctrines of *in pari delicto* and unclean hands.  Plaintiff's actions against Defendants and Defendants' mining operations constitute harassment and interference and should bar Plaintiff's claims and any damages Plaintiff seeks.

D. Plaintiff's claims are barred as Plaintiff is seeking to circumvent the authority, oversight, and duties of another government agency.  By way of example, the Forest Service does not have authority or oversight over explosives.

E. Plaintiff's damages, if any, were caused in whole or in part by their own negligence or actions, and, therefore, any recovery by Plaintiff must be diminished as provided by law.

F. Plaintiff has failed to mitigate its damages.

G. Plaintiff has failed to join a party under Rule 19 of the Federal Rules of Civil Procedure.  By way of example, Plaintiff references a group called "Oath Keepers" throughout its complaint and seeks (implied) injunctive relief against this group.  However, Plaintiff has not joined the "Oath

5

Keepers" as a party nor any other individual. Defendants have no control over or authority to control "Oath Keepers."

H. Defendants seek injunctive and declaratory relief against Plaintiff to cease harassing Defendants and interfering with Defendant's mining operations.

I. Defendants seek declaratory judgment setting forth Defendants' private property rights under the Federal Mining Laws.

J. Defendants seek an award of attorney fees and expert fees in maintaining their claim(s) against Plaintiff.

Defendants anticipate that they will seek leave from the Court to amend their counterclaims to include other claims against Plaintiff. Such claims, however, are still being evaluated and researched.

**V.    Computation of damages**.

Defendants have not yet fully calculated their damages. Nonetheless, Defendants have retained the service of an expert witness to assist them in this process, and are currently working on calculating these figures.

**VI.   Pendency or disposition of any related state or federal litigation**.

None.

**VII.  Proposed stipulations of fact and law and the parties' understanding as to what law applies.**

Defendants propose that following stipulations of fact and reasonably believe these are material facts not in dispute:

1. Defendants George Kornec and Philip Nappo reside in the District of Montana.

2. Intermountain Mining Company is a limited liability company (LLC) duly registered in the State of Montana.

3. Defendants own certain unpatented mining claims known as the White Hope, Sammy K, and Silver Dollar mining claims, located in the Helena National Forest near Lincoln, Montana.

4. Defendants have a right to explore and develop minerals pursuant to the correctly applicable laws and regulations of the United States.

5. Defendants received a notice dated August 19, 2014, from the Forest Service.

6. Defendants participated in an in-person meeting with William Avey and others shortly after the August 19, 2014, notice.

7. William Avey issued a letter dated December 3, 2014, to Defendants.

8. Defendants filled out and submitted a document to the Forest Service on a preprinted Forest Service form titled Plan of Operations for Mining Activities on National Forest System Lands on or about February 9, 2015.

9. A meeting was held on June 18, 2015, at the White Hope mine site with Forest Service personnel and Defendants. The Plan of Operation was discussed at this meeting.

10. A meeting was held on July 30, 2015, at the Lincoln District Ranger Station with Forest Service personnel and Defendants. The Plan of Operation was discussed. Defendants agreed to fill out and submit a new preprinted Forest Service form titled Plan of Operations for Mining Activities on National Forest System Lands.

11. Defendants requested assistance and protection from others after subsequent events between Defendants and Forest Service personnel.

12. Defendants submitted a letter dated August 3, 2015, to the Forest Service.

13. A double lock system gate exists at the mine site in question for which the Forest Service has a key. Several signs have been installed near the gate including several signs installed by the Forest Service. The gate is

currently in its normal, closed, locked condition for which the Forest Service has a key.  A no trespassing sign is currently posted on the gate.

14. The State of Montana is conducting a mine reclamation project near the old Mike Horse mine tailings pond.  The Montana Department of Environmental Quality ("DEQ") is overseeing this reclamation project.

15. The Forest Service issued a document entitled Emergency Road Closure Order dated April 30, 2015.

16. The Forest Service issued a document titled Permit for Use of Roads, Trails, or Areas Restricted by Regulation or Order dated June 18, 2015, to Defendant Phil Nappo.

17. Defendants pay a yearly assessment fee to the BLM and these fees are current.

18. The Mike Horse Reclamation Project is on land adjacent to Defendants' mining claims.

Defendants reasonably believe that there are fundamental disputes about the application of law and so no stipulations to law are known at this time.

**VIII. Proposed deadlines relating to joinder of parties or amendment of the pleadings**.

Defendants propose that the deadline for joinder of parties and amendment of pleadings be set for the conclusion of briefing on the preliminary issues of whether a jury trial is permitted and whether discovery is permitted. In other words, Defendants propose a deadline of February 22, 2016.

**IX. Identification of controlling issues of law suitable for pretrial disposition**.

A. What is the appropriate standard of review? Should this case be reviewed on an administrative record only?

B. Whether, and if so how much, discovery is permitted related to Plaintiff's claims and Defendants' counterclaims.

C. Whether a jury trial is permitted on Plaintiff's claims and Defendants' counterclaims.

D. Which law applies to Defendants' mining claims? By way of example, Defendants contend that the Mining Laws of 1866, 1870, and 1872 control the mining claims at issue. It is believed that Plaintiff contends that the Multiple Use Act of 1955 applies. Defendants contend that their rights are "grandfathered" and protected by the Mining Law of 1866, 1870, and 1872. Defendants contend that application of the Multiple Use

        Act of 1955 to their claims would violate due process of law, substantively and procedurally.

    E. Defendants contend that access from the public highway into the national forest is guaranteed by Revised Statute 2477, and that access to their mining claims are guaranteed not only by Revised Statute 2477 but by the Mining Laws of 1866, 1870, and 1872, which guarantee specific access to their mining claims. Defendants contend that denial of access or restriction of access in any way by Plaintiff is a violation of their rights pursuant to said statutes.

**X.**    **Status of settlement discussions and prospects for pretrial disposition**.

Counsel for the parties have discussed the possibility of mediation, but no formal settlement discussions have been made.

Additionally, while Defendants contend that the submission of a Plan of Operation is not required under Federal law, Defendants submitted a revised Plan of Operation to the Forest Service on August 31, 2015, as a token of good faith. This revised Plan of Operation meets with the Forest Service's concerns and complaints. To date, the Forest Service has not responded to Defendants regarding this Plan of Operation or a prior Plan of Operation which has been in the hands of the Forest Service for several months.

**XI.     Suitability of special procedures**.

None are known at this time.

**XII.    Areas of expert testimony.**

Defendants anticipate the need for expert testimony in the following areas: mining laws, mining procedure, mining operations and safety in general and site specific, condition and health of the national forest system surrounding the mining claims, value of future economic expectation lost because of Forest Service actions, explosives and the safe storage of explosives, and Montana Department of Environmental Quality (DEQ) safety compliance.

DATED November 5, 2015.

        JARDINE, STEPHENSON, BLEWETT & WEAVER, P.C.

        By:   /s/ Joshua I. Campbell
        Attorneys for Defendants George Kornec, Philip Nappo, and Intermountain Mining and Refining, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2015, a copy of the foregoing document was served on the following persons by the following means:

<u>1, 2</u>   CM/ECF
\_\_\_\_\_Hand Delivery
\_\_\_\_\_Mail
\_\_\_\_\_Overnight Delivery Service
\_\_\_\_\_Fax
\_\_\_\_\_ E-Mail

                                                /s/ Joshua I. Campbell

1.  Clerk, U.S. District Court

2.  Michael W. Cotter
    Victoria L. Francis
    U.S. Attorney's Office
    2601 Second Ave. North, Suite 3200
    Billings, MT  59101